

# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**KWAME RAOUL**

November 29, 2022

Christopher G. Conway
Clerk of the Court
United States Court of Appeals
for the Seventh Circuit
219 South Dearborn Street
27th Floor
Chicago, Illinois 60604

    Re:    Fed. R. App. P. 28(j) Response
              No. 22-2050, *Finch v. Treto*

Dear Mr. Conway:

    Defendant-Appellee Mario Treto, Jr., submits this response to Plaintiffs-Appellants' November 23, 2022 Rule 28(j) letter.

    *Variscite NY One, Inc. v. State of New York*, No. 1:22-cv-1013 (N.D.N.Y. Nov. 10, 2022), does not support plaintiffs' argument that the district court abused its discretion by denying their preliminary injunction motion based on its finding that "the equities do not support the relief requested here," Doc. 29 at 1. In *Variscite*, the plaintiff applied for a cannabis dispensary license but failed to satisfy the residency criteria that the law required all applicants to satisfy. *See* Slip op. at 3-10, 18-19. The plaintiff filed a complaint challenging the residency requirement on the last day that applications were accepted and promptly moved for a preliminary injunction to prohibit the state licensing agency from issuing any licenses for which it had applied in the regions where it had sought a license. *Id.* at 8-10, 13. The district court granted a preliminary injunction, concluding that the plaintiff had established a likelihood of success on its dormant Commerce Clause claim, irreparable harm, and that the balance of hardships weighed in favor of preliminary relief. *Id.* at 14-28. As to equitable balancing, the court explained that any harm posed by an injunction was minimal because the licensing process had not yet begun and the State could proceed with the licensing process in the unaffected regions. *Id.* at 13, 27-28.

    Here, by contrast, plaintiffs sought to enjoin the issuance of all of the 2021 licenses, which have already been issued. AE Br. 7-9, 17, 21. Plaintiffs, moreover,

did not apply for a license, waited until over two years after the application deadline had passed to file suit, and declined to provide the information necessary to ascertain if they would have qualified for a license but for the challenged criteria. *Id.* at 43-46. Thus, the facts supporting the district court's equitable findings in these two cases are fundamentally different, and *Variscite*, which is not precedential, provides no support for plaintiffs' argument that the district court abused its discretion here by denying a preliminary injunction on the record before it.

    Very best regards,

    /s/ Frank H. Bieszczat
    FRANK H. BIESZCZAT
    Assistant Attorney General
    100 West Randolph Street
    12th Floor
    Chicago, Illinois 60601
    (312) 814-2090 (office)
    (773) 590-7075 (cell)
    Frank.Bieszczat@ilag.gov

**CERTIFICATE OF COMPLIANCE**

  I certify that the foregoing response, submitted pursuant to Fed. R. App. P. 28(j), complies with the type-volume limitation set forth in that rule because it contains 348 words, beginning with the word "Defendant-Appellee" and ending with the word "it."  In preparing this certificate, I relied on the word count of the word processing system used to prepare the response, which was Microsoft Word 2016.

              /s/ Frank H. Bieszczat
              FRANK H. BIESZCZAT
              Assistant Attorney General
              100 West Randolph Street
              12th Floor
              Chicago, Illinois 60601
              (312) 814-2090 (office)
              (773) 590-7075 (cell)
              Frank.Bieszczat@ilag.gov

## CERTIFICATE OF FILING AND SERVICE

I certify that on November 29, 2022, I electronically filed the foregoing Response to Plaintiffs-Appellants' Fed. R. App. P. 28(j) Letter in No. 22-2050, *Finch v. Treto*, with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this case are CM/ECF users and will be served using the CM/ECF system.

Philip A. Leutkehans
pal@lbgalaw.com

Brian J. Armstrong
bja@lbgalaw.com

Jessica Grace Nosalski
jgn@lbgalaw.com

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov