

**LUETKEHANS, BRADY,**
**GARNER & ARMSTRONG, LLC**

105 EAST IRVING PARK ROAD
ITASCA, ILLINOIS 60143
TELEPHONE (630) 773-8500
FAX (630) 773-1006

BRIAN J. ARMSTRONG
PATRICK M. BRADY
BRUCE E. GARNER
PHILLIP A. LUETKEHANS
JESSICA G. NOSALSKI
GIOVANNI PADILLA

January 16, 2023

United States Court of Appeals
for the Seventh Circuit
Everett McKinley Courthouse
United States Courthouse
219 S. Dearborn St., Room 2722
Chicago, IL   60604

      Re: *Juan Finch Jr. and Mark Toigo v.*
        *Mario Treto, Jr., et al.*
        Appellate Case No.: 22-2050 (7th Circuit)
        Our File No. 4548

Dear Sir/Madam:

Pursuant to Fed. R. App. P. 28(j) and Seventh Circuit Rule 28(e), Plaintiffs submit this response to Defendant's Supplemental Authority filed December 22, 2022.

The regulations Defendant relies on do not address or cure the fact that Plaintiffs, and others, are being denied the opportunity to compete on a level playing field for licenses that are already in the process of being granted under the previous regulations. Further, while the revised regulations *may* cure such infirmities for future applicants, the new regulations do not cure those ongoing constitutional deprivations under the prior regulations.

As the Court is aware, other courts have found similar restrictions to be unconstitutional. *Variscite NY One, Inc. v. State of New York, et al.*, 1:22-cv-1013 (N.D.N.Y. November 10, 2022); *Lowe v. City of Detroit*, 544 F. Supp. 3d 804 (E.D. Mich. 2021); *Ne. Patients Group v. United Cannabis Patients & Caregivers of Maine*, 45 F.4th 542 (1st Cir. 2022). The Court should be clear that Defendant's actions are also unconstitutional.

Moreover, these regulations do not address Plaintiffs' mootness arguments that restricting the transfer of licenses violates the constitution because the Department continues to maintain the licenses are not transferable. *See* https://idfpr.illinois.gov/Forms/AUC/10-27-22%20Transfer%20of%20CL%20and%20Litigation.pdf

Finally, Defendant's revising the regulations because of the litigation and the district court's finding that the regulations likely violated Plaintiffs' constitutional rights makes Plaintiffs

Luetkehans, Brady,
Garner & Armstrong, LLC

United States Court
of Appeals for the
Seventh Circuit
January 16, 2022
Page 2


"prevailing parties" entitled to recover attorney's fees.  *See Palmetto Properties, Inc. v. Cnty. of DuPage*, 375 F.3d 542, 549 (7th Cir. 2004).



        Very truly yours,

        Luetkehans, Brady, Garner & Armstrong, LLC

        *Phillip A. Luetkehans*

        Phillip A. Luetkehans

PAL/daa


## CERTIFICATE OF COMPLIANCE

The foregoing Response to Supplemental Authority complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 241 words.

This Supplemental Authority also complies with all typeface requirements of Circuit Rule 32, because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 12-point Times New Roman.

        /s/ *Phillip A. Luetkehans*
        Phillip A. Luetkehans